# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARY SWEARINGEN,

        Plaintiff,

v.                                                    Case No:   6:24-cv-2328-PGB-LHP

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

        Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   TIME-SENSITIVE MOTION TO QUASH SUBPOENA AND ENTRY OF A PROTECTIVE ORDER (Doc. No. 18)**
>
> **FILED:       February 28, 2025**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

Plaintiff Mary Swearingen initiated this case in state court on March 21, 2023, by filing a complaint against a different insurance company.   Doc. No. 1-1.   On

December 3, 2024, Plaintiff filed an amended complaint adding Defendant Progressive Express Insurance Company, the proper party-defendant.   Doc. No. 1-8.   Defendant removed the case to this Court on December 23, 2024, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.   Doc. No. 1.

As alleged in the amended complaint, on September 20, 2013, Plaintiff was involved in a high-impact automobile crash with a tractor trailer owned by DM-ELX Corporation and operated by Ilvin Rodriguez.   Doc. No. 1-8, ¶ 9.   At the time of the accident, DM-ELX Corporation was insured under a policy issued by Defendant, Policy No. 01972192-0, which provided bodily injury limits of $1,000,000.00 per person.   *Id.*, ¶¶ 7-8.   Plaintiff suffered significant and permanent injuries as a result of the accident, and the value of her injuries exceed the Policy's coverage limits.   *Id.*, ¶ 11.

On April 5, 2016, Plaintiff made a written offer of settlement to Defendant up to the Policy's limits, which Defendant failed and/or refused to accept.   *Id.*, ¶¶ 12-14.   Thereafter, on September 17, 2017, Plaintiff filed a lawsuit in state court against DM-ELX Corporation, *Mary L. Swearingen v. Ilvin Rodriguez, et al.*, No. 2017-CA-008355 (the "Underlying Lawsuit").   *Id.*, ¶ 16.   On October 6, 2021, a jury returned a verdict in the Underlying Lawsuit in the amount of $1,263,124.11, and a final judgment was entered in favor of Plaintiff and against DM-ELX Corporation in the amount of $720,799.89 on November 12, 2021.   *Id.*, ¶¶ 17-18.   A final judgment for

costs and fees in the amount of $88,738.94 was entered on February 2, 2023.  *Id.*, ¶ 19.  Plaintiff's amended complaint asserts a single claim for common law bad faith based on Defendant's refusal to settle her claims in the Underlying Lawsuit. *Id.*, ¶¶ 22-31.

Defendant answered the amended complaint, and on January 17, 2025, a Case Management and Scheduling Order issued, setting, among other things, a discovery deadline of December 1, 2025.  Doc. Nos. 4, 14.

On February 28, 2025, Plaintiff filed the above-styled motion.  Doc. No. 18. According to the motion, Defendant served a subpoena on Plaintiff's counsel in the Underlying Lawsuit, Jeffrey M. Byrd, Esq. and/or Jeffery M. Byrd, P.A. *Id.*, *see also* Doc. No. 18-1.  The subpoena includes 11 discovery requests related to Plaintiff's accident and the Underlying Lawsuit, for the time period commencing September 20, 2013 (the date of the accident) through November 12, 2021 (the date of the final judgment in state court).  Doc. No. 18-1, at 5-7.  Plaintiff seeks to quash or limit the subpoena, or the entry of a protective order, on the basis that at least some of the information Defendant seeks is irrelevant, overbroad, and protected by the attorney-client privilege.  Doc. No. 18.  Defendant filed a response in opposition, Doc. No. 20, and both parties filed authorized supplemental briefing.  Doc. Nos. 22-23; *see also* Doc. No. 15, ¶ 7; Doc. No. 21.  With the motion now fully briefed,

and for the reasons discussed below, Plaintiff's motion (Doc. No. 18) will be granted in part and denied in part.

## II.    LEGAL STANDARD

Plaintiff's request to quash the subpoena is governed by Federal Rule of Civil Procedure 45.   Ordinarily, "a party does not have standing to seek to quash a subpoena issued to a non-party."   *Martin v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 8:13-cv-00285-T-27MAP, 2013 WL 12156516, at *1 (M.D. Fla. July 1, 2013).   "An exception exists where the party demonstrates a personal privacy right or privilege with respect to the subject matter of the subpoena."   *Id.* (citing *Auto-Owners Inc. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).   Here, it is undisputed that Plaintiff and Attorney Byrd were engaged in an attorney-client relationship during the Underlying Lawsuit, and one of the arguments Plaintiff raises is that the information Defendant seeks is protected by the attorney-client privilege.   Thus, Plaintiff has standing under Rule 45 to move to quash the subpoena at issue on this basis.

Plaintiff's alternative request for protective order is governed by Federal Rule of Civil Procedure 26.   Rule 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   Fed. R. Civ. P. 26(c)(1).   "The party seeking a protective order has the burden to demonstrate good cause, and must

make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Inc. Co.*, 231 F.R.D. at 429–30 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).   And a party clearly has standing to move for a protective order on a non-party subpoena if the subpoena seeks irrelevant information.   *Id.* at 429.[1]

The scope of discovery is governed by Rule 26(b), which allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."   Fed. R. Civ. P. 26(b)(1).   "The term 'relevant' in this definition is to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'"   *Auto-Owners Ins.*, 231 F.R.D. at 430 (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)).   "The scope of discovery under a subpoena

---

[1] Except for the narrow basis discussed below, the parties do not dispute that Plaintiff has standing under both Rule 26 and Rule 45 to seek the requested relief.

issued pursuant to Rule 45 is the same as the scope of discovery under Rule 26."

*Rodgers v. Herbalife Int'l of Am., Inc.*, No. 8:19-mc-115-T-35AAS, 2020 WL 263667, at

*1 (M.D. Fla. Jan. 17, 2020) (citing *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-

31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014)).

## III.    ANALYSIS

Plaintiff raises three arguments in support of her motion.    First, Plaintiff

argues that the subpoena should be quashed/a protective order issued because the

subpoena "demands production from two separate recipients on its face," and seeks

materials from non-recipients based on the definition in the subpoena of "you" to

include "current and former employees."    Doc. No. 18, at 2.    The Court finds this

argument unpersuasive for several reasons.

First, Plaintiff cites no legal authority in support of this argument.    *See id.; see*

*also* Doc. No. 22, at 2; *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir.

1998) ("Issues raised in a perfunctory manner, without supporting arguments and

citation to authorities, are generally deemed to be waived." (citations omitted)).

Second, Plaintiff lacks standing under Rule 26 to assert this argument.    *See, e.g.,*

*McCoy v. GEICO Gen. Ins. Co.*, No. 6:19-cv-353-Orl-WWB-DCI, 2019 WL 5391104, at

*2 (M.D. Fla. Aug. 14, 2019) ("Plaintiff has standing to the extent he is seeking a

protective order on the basis of the asserted irrelevancy of the documents sought.").

Third, as Defendant correctly notes, Rule 45 itself does not contain any prohibition

against directing a subpoena to more than one person. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) ("Every subpoena must . . . command each person to whom it is directed to do the following. . . ."). Fourth, Defendant represents in its response that the parties clarified at their meet and confer that Defendant "is not asking Mr. Byrd's office to trace down every former employee for documents, as the subpoena is not directed to them. However, to the extent that Mr. Byrd's office has access to any relevant documents generated by such employees, such documents should be produced." Doc. No. 20, at 2. Plaintiff makes no mention of this meet and confer in her motion or supplemental briefing. Accordingly, the motion to quash and/or for protective order will be denied as to this argument.

Plaintiff's second and third arguments are interrelated. In sum, Plaintiff contends that the document requests contained in the subpoena are overbroad and not proportional to the needs of the case because they seek discovery of "all" documents "related" or "regarding" "settlement of the Underlying Claim," or the "Underlying Claim." Doc. No. 18, at 2. In other words, Plaintiff contends that Defendant is seeking every document contained in Attorney Byrd's files, which would include things such as calendar entries, calls logs, etc., without any regard to their relevance. *Id.*; *see also* Doc. No. 22, at 4-6. Plaintiff further argues that these overly broad requests necessarily encompass attorney-client and attorney work product protected materials. Doc. No. 18, at 2-3. Plaintiff also appears to

challenge Defendant's request for fee agreements and other "irrelevant" materials. *Id.*, at 3.[2]    In response, Defendant argues that it has limited nearly all of its requests to documents relating to or regarding settlement of the Underlying Lawsuit, and has limited the temporal scope to the relevant time period between the date of the accident and the date of the final judgment.    Doc. Nos. 20, 23.[3]

Upon consideration of the parties' filings, and in accordance with the rulings of numerous courts in this District, which the Court finds persuasive, Plaintiff's motion will be granted to the extent that each document request listed in the subpoena will be limited to materials related to the settlement of Plaintiff's claims

---

[2] In her supplemental briefing, Plaintiff for the first time also attempts to argue that the subpoena violates Rule 45(d)(1) because it imposes an undue burden on Attorney Byrd and his law firm.    Doc. No. 22, at 2, 5.    But Plaintiff cannot raise new arguments in her supplemental briefing that were not at least mentioned in her initial motion.    *See, e.g., True Life Church Lake Mary v. Indep. Specialty Ins. Co.*, No. 6:23-cv-600-PGB-DCI, 2023 WL 9196660, at *1 (M.D. Fla. Nov. 20, 2023) (court directed supplemental briefing on motion to compel arbitration, but refused to address any new arguments raised in the supplemental briefing beyond the issues identified by the court); *Zurich Servs. Corp. v. Pro. Mgmt. Servs. Grp., Inc.*, No. 8:13-cv-1896-T-30AAS, 2016 WL 6695079, at *1 (M.D. Fla. Nov. 15, 2016) (court should not consider new argument raised for the first time in a supplemental brief). Moreover, Plaintiff lacks standing under Rule 45 to quash a subpoena on the basis that a non-party would incur undue burden or expense.    *See, e.g., McCoy*, 2019 WL 5391104, at *2 ("[A] party does not have standing to object to a non-party subpoena on the basis that it is burdensome, oppressive or is overly broad." (citations omitted)).

[3] Plaintiff also for the first time in her supplemental briefing makes a conclusory reference to "an unreasonably broad time period," and mentions a "12-year litigation file." Doc. No. 22, at 1, 2, 6.    To the extent Plaintiff intends these phrases to be a challenge to the temporal scope of the subpoena, that challenge fails both because it was not addressed in the original motion, and because it is perfunctory and unsupported.    *See McClain of Ga., Inc.*, 138 F.3d at 1422; *True Life Church Lake Mary*, 2023 WL 9196660, at *1.

in the Underlying Lawsuit, and any attempts or efforts at such settlement, for the time period September 20, 2013 (the date of the accident) through November 12, 2021 (the date of the final judgment).   If Plaintiff and/or Attorney Byrd contend that any documents are protected by attorney-client privilege or attorney work product, Plaintiff and/or Attorney Byrd shall provide a privilege log to Defendant. *See, e.g., Denno v. GEICO Gen. Ins. Co.*, No. 6:22-cv-624-GAP-LHP, Doc. No. 34 (M.D. Fla. July 21, 2022); *Lesniak v. Geico Gen. Ins. Co.*, No. 2:19-cv-494-FtM-60MRM, 2020 WL 5878022, at *5 (M.D. Fla. Apr. 17, 2020); *McCoy*, 2019 WL 5391104, at *4; *Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-0240-T-30TBM, 2016 WL 7732310, at *3 (M.D. Fla. Jan. 20, 2016); *see also Humbertson v. Progressive Select Ins. Co.*, No. 8:23-cv-1709-MSS-AAS, 2024 WL 3426856 (M.D. Fla. July 15, 2024); *Denno v. GEICO Gen. Ins. Co.*, No. 6:22-cv-624-GAP-LHP, 2022 WL 14022291 (M.D. Fla. Oct. 24, 2022).[4]

---

[4] The decisions Plaintiff attaches and/or cites to in support of her arguments are distinguishable and therefore unpersuasive.   *See* Doc. No. 18-3; Doc. No. 22.   The vast majority of the decisions address subpoenas or document requests where the insurance company requested the entire litigation file from the underlying case, or all litigation files between the plaintiff and counsel, without any limitation to settlement.   The courts in those cases also noted that the insurance company could come back with a more narrowly tailored subpoena.   And that is what Defendant has done here – in large part the subpoena is narrowly tailored to settlement issues and the temporal scope is appropriately limited.

The other cases Plaintiff relies upon relate to requests for documents regarding settlement of an underlying lawsuit, but where a privilege log had been previously provided and the parties were arguing over specific privileges.   Both Plaintiff and Defendant agree that such an issue is premature here.   *See* Doc. No. 22, at 7; Doc. No. 23, at 7.

IV.    **CONCLUSION**

For the above reasons, Plaintiff's Time-Sensitive Motion to Quash Subpoena and Entry of a Protective Order (Doc. No. 18) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.    Within **thirty (30) days** from the date of this Order, Jeffrey M. Byrd, Esq., and/or Jeffrey M. Byrd, P.A. shall produce documents in response to the subpoena (Doc. No. 18-1).   To the extent not already so limited, each document request listed in the subpoena will be limited to materials related to the settlement of Plaintiff's claims in the Underlying Lawsuit, and any attempts or efforts at such settlement, for the time period September 20, 2013 (the date of the accident) through November 12, 2021 (the date of the final judgment).[5]

2.    If Plaintiff and/or Attorney Byrd object to the production of any documents on the basis of the attorney-client privilege or attorney work product protection, they shall provide to Defendant by this same **thirty (30) day** deadline a privilege log in the manner set forth in the undersigned's

---

[5] It appears that Request 8, which sought a copy of all representation and/or fee agreements between Attorney Byrd and any other attorneys, has been withdrawn.   Doc. No. 18-2, at 7.   And the request for the underlying attorney's billing entries has been removed from Request 4.   *Id.*, at 5-6.

*Standing Order Regarding Privilege Logs*, Case No. 6:19-mc-32-Orl-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019).   *See Humbertson*, 2024 WL 3426856; *Denno*, 2022 WL 1402229.

      3.      To the extent Plaintiff is objecting to the production of her representation agreement between herself and Attorney Byrd, *see* Doc. No. 18, at 3, that portion of the motion is **DENIED**, and Attorney Byrd and/or Attorney Byrd's firm shall produce any such representation agreements for the Underlying Lawsuit within this same **thirty (30) day** deadline.   *See Denno v. GEICO Gen. Ins. Co.*, No. 6:22-cv-624-GAP-LHP, 2022 WL 6162709, at *1 (M.D. Fla. Oct. 7, 2022); *Soricelli v. GEICO Indem. Co.*, No. 8:16-cv-1535-T-30TBM, 2017 WL 275967, at *4-6 (M.D. Fla. Jan. 20, 2017); *Ford v. Gov't Emps. Ins. Co.*, No. 1:14cv180-MW/GRJ, 2015 WL 11109504, at *2 (N.D. Fla. Feb. 3, 2015).

      4.      In all other respects, Plaintiff's motion (Doc. No. 18) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on April 8, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties