UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY SWEARINGEN,

    Plaintiff,

v.  Case No:   6:24-cv-2328-PGB-LHP

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Defendant

## ORDER

This third-party bad faith insurance action is before the Court on Defendant Progressive Express Insurance Company's Motion for Protective Order or Motion to Compel Depositions. Doc. No. 26. Plaintiff has responded in opposition. Doc. No. 27.

This dispute at bottom centers over the parties' inability to agree on who can depose two witnesses first, both of whom are former employees of Defendant who were involved in the handling of Plaintiff's claim. Defendant requests that the Court either issue a protective order to ensure that Defendant can depose these witnesses first, or a motion to compel Plaintiff's cooperation in scheduling the depositions. Doc. No. 26, at 2. Plaintiff, for her part, asks that the Court deny

Defendant's motion and instead permit Plaintiff to depose these witnesses first. Doc. No. 27, at 3. Other than general references to the Federal Rules of Civil Procedure, neither party provides any binding or persuasive legal authority in support of their respective positions.[1]

Upon consideration, Defendant's motion (Doc. No. 26) is **DENIED.** In addition to the lack of legal authority in support, there is nothing for the Court to protect against or to compel as neither side has taken any action beyond refusing to cooperate with each other. Moreover, Defendant has not explained why it has failed to utilize the options available to it under the Middle District of Florida Civil Discovery Handbook, the Local Rules, and the Federal Rules of Civil Procedure. *See* Middle District Discovery (2021) § (2)(A) ("An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling."); *see also* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."); *Emerald Isles Townhomes Owners Ass'n, Inc. v. Westchester Surplus Lines*

---

[1] Plaintiff's citation to a Florida state court case is unpersuasive.

*Ins. Co.*, No. 6:20-cv-970-PGB-LRH, 2021 WL 7450455, at *1 (M.D. Fla. Oct. 12, 2021) ("Plaintiff states that he attempted on numerous occasions to schedule the deposition of Defendant's corporate representative.  However, if the parties cannot work together to schedule a deposition date, the appropriate avenue is to unilaterally notice the deposition."); *De Jesus v. Scottsdale Ins. Co.*, No. 6:19-cv-956-Orl-31GJK, Doc. No. 18 (M.D. Fla. Sept. 9, 2019) ("Plaintiffs are to follow the procedures available in the Court's handbook on civil discovery and local rules. Only after Plaintiffs utilize such procedures will the Court consider a motion to compel the depositions.").

Counsel are further reminded of their duty to practice discovery in this District "with a spirit of cooperation and civility."  Middle District Discovery (2021) § (I)(A)(1).

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties