# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARY SWEARINGEN,

        Plaintiff,

v.                                              Case No:   6:24-cv-2328-PGB-LHP

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

        Defendant

---

## ORDER

In this third-party bad faith action, discovery opened on or about January 15, 2025, and closed on December 1, 2025.  Doc. Nos. 13, 14; *see also* Fed. R. Civ. P. 26(d)(1).  Between 3:51 p.m. and 5:15 p.m. on the December 1, 2025 discovery deadline, Plaintiff filed three (3) motions to compel.   The first two (2) motions both seek to compel additional depositions of two non-parties, both of whom are former employees of Defendant:  Susan Soard and Morris Steele.  Doc. Nos. 40-41.  Plaintiff contends that during cross-examination of Ms. Soard and Mr. Steele during their respective depositions, Defendant objected to various questions on the basis of attorney-client privilege, and Plaintiff argues that no attorney-client relationship existed between these deponents and Defense counsel at the time of the depositions.

*Id.* The third motion challenges various entries on Defendant's privilege log, with Plaintiff arguing that Defendant's assertions of attorney-client privilege are improper. Doc. No. 42. Defendant has timely filed responses in opposition to each motion. Doc. Nos. 44-46.

Upon review of the motions, responses, and attachments, the Court finds that supplemental briefing is necessary to resolve the present disputes. *See* Doc. No. 15, ¶ 6. The Court also finds that *in camera* review of the documents at issue in Plaintiff's challenge to Defendant's privilege log is appropriate. And because many of the issues raised in each motion and response overlap, the Court requires only one omnibus filing from each party that addresses all three (3) motions.

Accordingly, it is **ORDERED** as follows:

1. Within **seven (7) days** from the date of this Order, Plaintiff and Defendant shall each file one omnibus supplemental brief of no more than **fifteen (15) pages** in length further addressing, with citation to relevant legal authority, the issues raised in Plaintiff's motions (Doc. Nos. 40-42) and Defendant's responses (Doc. Nos. 44-46).

2. In addition to addressing all issues raised in the motions and responses, the Court specifically requests the parties to address (a) the conflicting/inconsistent testimony by Ms. Soard and Mr. Steele on cross-examination and re-direct related to whether an attorney-client relationship

exists/existed (*see* Doc. Nos. 40-1, 41-1); and (b) whether Plaintiff's motions should be denied as untimely due to their filing immediately before and after the close of business on the discovery deadline, particularly given that Ms. Soard's deposition was conducted on October 30, 2025 (Doc. No. 40-1), Mr. Steele's deposition was conducted on October 21, 2025 (Doc. No. 41-1), and Defendant produced its privilege log on March 28, 2025 (Doc. No. 42-1). *See, e.g.*, *Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-cv-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017) ("[F]iling a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline."); *Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *8-9 (M.D. Fla. May 22, 2015) (denying motion to compel, in part, because the moving party waited until the eve of the discovery deadline to file a motion to compel production of information that was requested months earlier but never produced).

3. Within **seven (7) days** from the date of this Order, Defendant shall submit the materials at issue in Plaintiff's third motion to compel (Doc. No. 42) to the Court for *in camera* review. Defendant shall submit the materials **in hard copy form** by delivery to the Clerk's office along with a copy of this Order. The Clerk's

office shall then ensure that the materials are delivered to the undersigned's chambers.

4. Given that discovery has already closed, these deadlines will not be extended.

5. This Order does not speak to Plaintiff's motion to extend the discovery deadline, which is not yet ripe and remains pending before the Presiding District Judge. Doc. No. 43.

**DONE** and **ORDERED** in Orlando, Florida on December 10, 2025.

Leslie Hoffman Price
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 4 -