# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARY SWEARINGEN,

        Plaintiff,

v.                                                                          Case No:   6:24-cv-2328-PGB-LHP

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

        Defendant

---

# ORDER

In this third-party bad faith action, discovery opened on or about January 15, 2025, and closed on December 1, 2025.  Doc. Nos. 13, 14; *see also* Fed. R. Civ. P. 26(d)(1).  Between 3:51 p.m. and 5:15 p.m. on the December 1, 2025 discovery deadline, Plaintiff filed three (3) motions to compel.  The first two (2) motions both seek to compel additional depositions of two (2) non-parties, both of whom are former employees of Defendant:  Susan Soard and Morris Steele.  Doc. Nos. 40-41.  Plaintiff contends that during cross-examination of Ms. Soard and Mr. Steele during their respective depositions, Defendant objected to various questions on the basis of attorney-client privilege, and Plaintiff argues that no attorney-client relationship existed between these deponents and Defendant's counsel at the time

of the depositions. *Id.* The third motion challenges various entries on Defendant's privilege log, with Plaintiff arguing that Defendant's assertions of attorney-client privilege are improper. Doc. No. 42. Defendant has timely filed responses in opposition to each motion. Doc. Nos. 44-46.

Upon review of the motions, responses, and attachments, the Court ordered supplemental briefing on various discrete issues, to include discussion of the conflicting/inconsistent testimony by Ms. Soard and Mr. Steele on cross-examination and re-direct related to whether an attorney-client relationship exists/existed (*see* Doc. Nos. 40-1, 41-1), as well as whether Plaintiff's motions should be denied as untimely due to their filing immediately before and after the close of business on the discovery deadline. Doc. No. 47. The Court also directed Defendant to submit to the Court for *in camera* review the materials at issue in Plaintiff's third motion to compel (Doc. No. 42). *Id.* The parties have filed their supplemental briefing (Doc. Nos. 51-52), and upon review of same, as well as all other relevant filings and attachments (*see, e.g.*, Doc. Nos. 40-42, 44-46), the Court makes the following rulings.

**I.  The Motion to Compel Production (Doc. No. 42)**

Plaintiff's Motion to Compel and Unopposed Motion for In-Camera Inspection of Documents Withheld on Progressive's Privilege Log (Doc. No. 42) will be denied as untimely. It is undisputed that Defendant provided Plaintiff with a

copy of the privilege log at issue on March 28, 2025 (Doc. No. 42-1, at 35), but Plaintiff did not engage in any good faith conferrals until November 21, 2025, and did not move to compel production of any of the documents at issue until after the close of business on the discovery deadline, December 1, 2025.   Doc. No. 42, at 3-4.  Plaintiff does not discuss this eight (8) month delay in her motion.   Doc. No. 42.  And despite the Court expressly requesting an explanation for the delay (Doc. No. 47, at 2-3), Plaintiff's supplemental brief wholly fails to address the issue.   Doc. No. 51, at 13-16.[1]   Instead, Plaintiff focuses on the fact that Defendant did not object to *in camera* review of the documents, and urges the Court to exercise its discretion in the spirit of "completion of discovery" and allow Plaintiff's motion to be resolved on the merits.   *Id.* at 13-15.[2]

Given the complete failure to provide any explanation for the more than eight (8) month delay, as well as the fact that the motion was filed after the close of business on the discovery deadline, the Court declines Plaintiff's invitation.   *See*

---

[1] The Court also notes that Plaintiff's supplemental brief itself violates the Court's Order as it exceeds the 15-page limit.   *See* Doc. No. 47, at 2.

[2] Plaintiff provides no persuasive legal authority to support her argument that by not challenging *in camera* review, Defendant waived any timeliness challenges to Plaintiff's motion.   The lone case cited, *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 690 (S.D. Fla. 2011) involved a timeliness objection belatedly raised by the opposing party in post-hearing memorandum.   Here, however, the Court raised the timeliness question *sua sponte* and directed a response from both parties, (Doc. No. 47), and Plaintiff does not cite to any authority suggesting that the Court cannot raise such issues.

*Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *8-9 (M.D. Fla. May 22, 2015) (denying motion to compel, in part, because the moving party waited until the eve of the discovery deadline to file a motion to compel production of information that was requested months earlier but never produced). *See also Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-WWB-DCI, 2020 WL 9439380, at *2 (M.D. Fla. Feb. 26, 2020) (denying motion to compel, in part, as untimely where defendant provided no reasonable explanation for waiting 101 days after receiving the discovery at issue to file the motion to compel, and where defendant filed the motion to compel on the day before the discovery deadline); *Goears v. L.A. Entertainment Group, Inc.*, No. 2:15-cv-412-FtM-99CM, 2017 WL 2578649, at * 3 (M.D. Fla. June 14, 2017) ("By virtue of failing to address a discovery violation when the movant first learns of the issue, a party risks waiving the issue." (citations omitted)); *Galle v. Nationstar Mortg., LLC*, No. 2:16-cv-407-FTM-38CM, 2017 WL 2559634, at *3 (M.D. Fla. June 13, 2017) ("The courts in this District repeatedly have . . . denied motions to compel when a moving party did not move to compel discovery within a reasonable time period." (collecting cases)).

## II. The Motions to Compel Depositions (Doc. Nos. 40-41)

The Court does not, however, apply the same rule to Plaintiff's motions to compel regarding the non-party depositions (Doc. Nos. 40-41). The depositions at issue were taken on behalf of Defendant in October 2025. *See* Doc. No. 40-1, at 2-4;

Doc. No. 41-1, at 2-4. As such, any lack of diligence in conducting these depositions earlier in the discovery period lies at the feet of Defendant. *See also* Doc. Nos. 28, 31, 37. In addition, Plaintiff conducted a good faith conferral with Defendant as to both depositions on November 21, 2025, within a month of the depositions, and with the Thanksgiving holiday, the Court does not find undue delay where the motions to compel were filed only four (4) business days later and before the close of business on the discovery deadline.

Turning now to the merits, both sides agree that Florida law governs the present attorney-client privilege dispute. *See Millinazzo v. State Farm Ins.*, 247 F.R.D. 691, 696-98 (S.D. Fla. 2007). Under Florida law, "[t]he burden of establishing the existence of the attorney-client privilege is on the party asserting it." *Nemours Found. v. Arroyo*, 262 So. 3d 208, 211 (Fla. Dist. Ct. App. 2018) (citing *Coffey-Garcia v. S. Miami Hosp., Inc.*, 194 So.3d 533, 537 (Fla. Dist. Ct. App. 2016)).

Here, Defendant argues that its counsel represented Ms. Soard and Mr. Steele both personally and as former employees for purposes of their depositions. Doc. No. 45, at 2; Doc. No. 46, at 2; Doc. No. 52, at 9. Neither party has presented any legal authority suggesting that an attorney-client relationship would automatically exist by mere virtue of the fact that Ms. Soard and Mr. Steele are former employees of Defendant. *Cf. Reynoso v. Greynolds Park Manor, Inc.*, 659 So. 2d 1156, 1157-58, 1162 (Fla. Dist. Ct. App. 1995) (holding that Florida Bar Rule of Professional

Conduct 4-4.2, which prohibits attorneys from communicating with persons represented by counsel, does not automatically apply to former employees of a represented employer, but also noting it is possible that communications between the former employee and former employer may at times be privileged); *H.B.A. Mgmt., Inc. v. Est. of Schwartz By & Through Schwartz*, 693 So. 2d 541, 544-46 (Fla. 1997) (same).[3] Therefore, the Court turns to the general law in Florida for determining the existence of an attorney-client relationship.

There is no dispute that "the existence of a formal retainer agreement is not essential" to finding an attorney-client relationship. *Eggers v. Eggers*, 776 So.2d 1096, 1099 (Fla. Dist. Ct. App. 2001). Nor does a client need to pay a fee to form an attorney-client relationship. *The Florida Bar v. King*, 664 So.2d 925, 927 (Fla. 1995). Rather, "[t]he test Florida courts have used to determine whether a lawyer-client relationship exists in the absence of a formal retainer 'is a subjective one and hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice.' However, '[t]his subjective belief must . . . be a reasonable one.'" *Jackson v. BellSouth Telecomms.*, 372

---

[3] Plaintiff's reference to *S. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377 (Fla. 1994) is unpersuasive. By its clear terms, *Deason* applies to current corporate employees, there is nothing in Deason that extends its holdings to former employees, nor has Plaintiff cited to any legal authority extending *Deason* to former employees. Thus, whether or not Defendant satisfies the factors set forth in *Deason* is not dispositive of Plaintiff's motions.

F. 3d 1250, 1281-83 (11th Cir. 2004) (quoting *Bartholomew v. Bartholomew*, 611 So.2d 85, 86 (Fla. Dist. Ct. App. 1992)).

Plaintiff and Defendant both point to Ms. Soard's and Mr. Steele's deposition testimony to support their respective positions on this issue. On cross-examination, Ms. Soard testified that she did not request any attorneys to represent her in this case, that she did not hire Defendant's attorneys to represent her nor had any prior relationship with Defendant's counsel, and that she assumed Defendant's attorneys represented her because she is a former employee of Defendant. Doc. No. 40-1, at 158-59, 164. During his cross-examination, Mr. Steele also testified that he did not hire or ask any of Defendant's attorneys to represent him, did not sign any fee agreements, and did not know if he had agreed to be represented by any of Defendant's attorneys. Doc. No. 41-1, at 42, 47-48, 49.

On re-direct, however, Ms. Soard was asked a series of arguably leading questions, through which she testified that she did believe she had an attorney-client relationship (both as former employee and individually) with Defendant's attorneys for purposes of her deposition, and that Ms. Soard believed her communications with Defendant's attorneys were confidential. Doc. No. 40-1, at 237-238. Ms. Soard did not, however, provide any details explaining her beliefs, nor any details as to when any such attorney-client relationship began. And with respect to Mr. Steele, Defendant's counsel interjected during the deposition, stated

that she was representing Mr. Steele for purposes of his deposition, and then asked Mr. Steele if he was being represented by counsel as a former employee of Defendant, and if he wanted Defendant's counsel to represent him, to which Mr. Steele expressed confusion but then ultimately answered in the affirmative. Doc. No. 41-1, at 47-49. Defendant's counsel also asked Mr. Steele a series of arguably leading questions, through which he testified that he believed his prior discussions with counsel were privileged and confidential and that he wanted counsel to represent him. *Id.* at 51-52. Again, Mr. Steele did not provide any details as to why he believed an attorney-client relationship existed, or when that relationship was formed. And at no time did Mr. Steele testify that he believed Defendant's attorneys were representing him in his individual capacity.

In order to find an attorney-client relationship exists, the Court must find that Ms. Soard's and Mr. Steele's subjective beliefs that they were represented by Defendant's attorneys were "objectively reasonable." *Glob. Lab Partners, LLC v. Patroni Enters., LLC*, 327 So. 3d 453, 456 (Fla. Dist. Ct. App. 2021) (citing *Yang Enters., Inc. v. Georgalis*, 988 So. 2d 1180, 1184 (Fla. Dist. Ct. App. 2008)). *See also JBJ Inv. of S. Fla., Inc. v. S. Title Grp., Inc.*, 251 So. 3d 173, 177 (Fla. Dist. Ct. App. 2018) (the test for determining that an attorney-client relationship exists "is a subjective one and hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice.") (quoting *Bartholomew*,

611 So. 2d at 86). But the above deposition testimony is confusing and contradictory; at times both Ms. Soard and Mr. Steele state that there was no attorney-client relationship, while at others they do; neither deponent provides any explanation or details to support their conflicting beliefs, and at least with respect to Mr. Steele, there is no testimony even suggesting an individual attorney-client relationship. Thus, based on the current record, the Court is unable to determine with any certainty whether an attorney-client relationship exists/existed, the scope of any such relationship, and/or whether any discussions in these witnesses' roles as former employees would otherwise be considered privileged.

Given that the burden of establishing the attorney-client privilege rests with Defendant, the Court considered whether Plaintiff's motions should be granted for failure to meet that burden. However, in light of the inconsistent testimony, and because courts that have addressed this or analogous issues frequently hold an evidentiary hearing, the Court finds that the better course is to do the same. *See, e.g.*, *Pagidipati v. Vyas*, 353 So. 3d 1204, 1208-11 (Fla. Dist. Ct. App. 2022); *Glob. Lab Partners, LLC*, 327 So. 3d at 455-56; *Bartholomew*, 611 So. 2d at 87 n.2; *Eggers*, 776 So. 2d at 1097. *Cf. Nemours Found. v. Arroyo*, 262 So. 3d 208, 211-12 (Fla. Dist. Ct. App. 2018) (reversing trial court for not making specific detailed findings addressing each privilege claim).[4]

---

[4] The Court is unpersuaded by Plaintiff's claims of ethical violations with respect

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiff's Motion to Compel and Unopposed Motion for In-Camera Inspection of Documents Withheld on Progressive's Privilege Log (Doc. No. 42) is **DENIED**.

2. **TAKE NOTICE** that an evidentiary hearing will be held on Plaintiff's Motion to Compel Deposition Testimony of Non-Party Susan Soard (Doc. No. 40), and Plaintiff's Motion to Compel Deposition Testimony of Non-Party Morris Steele (Doc. No. 41), on **Thursday, January 29, 2026, at 10:00 a.m., Courtroom 5D, United States Courthouse, 401 West Central Boulevard, Orlando, Florida 32801**. Counsel for both parties are required to be present, and the Court will hear testimony from Susan Soard and Morris Steele, as well as from the attorneys who communicated with Ms. Soard and Mr. Steele prior to the commencement of their respective depositions. Defendant shall ensure that Ms. Soard and Mr. Steele and the relevant attorneys for Defendant appear at the January 29, 2026 hearing to

---

to any potential solicitation of representation as to either deponent. *See* R. Regulating Fla. Bar 4-7.18(a)(1) (prohibiting solicitation of prospective clients where a significant motive is the lawyer's pecuniary gain); *Zarrella v. Pac. Life Ins. Co.*, No. 10-60754-CIV, 2011 WL 4424447, at 2 n.7 (S.D. Fla. Sept. 22, 2011). The Court also rejects Plaintiff's arguments that Defendant should have moved for a protective order, as well as Defendant's claim that Plaintiff improperly ended Mr. Steele's deposition. Both arguments appear to go to the timing of the present motions and/or the time allowed for Mr. Steele's deposition, with such issues being already resolved and/or premature.

provide testimony.  To the extent necessary to protect any attorney-client privilege, the Court will hear portions of testimony *in camera*.  The Court will reserve two (2) hours for the hearing, but the parties and witnesses should plan to attend for as long as required.

3. The Court defers ruling on Plaintiff's motions (Doc. Nos. 40-41) pending conclusion of the evidentiary hearing.

4. The parties are reminded of their obligation to continue to confer in an attempt to resolve the motions to compel and to notify the Court if they resolve the motions in whole or in part.  Doc. No. 15 ¶ 8.

5. This Order does not impact in any way Plaintiff's pending motion to extend the discovery deadline, nor does it impact the January 5, 2026 dispositive motions deadline.  Moreover, any discovery that may be allowed as a result of resolution of the pending motions may not be used by any party for summary judgment purposes.  *See* Doc. No. 14, at 2, 7.

**DONE** and **ORDERED** in Orlando, Florida on December 23, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record