UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY SWEARINGEN,

        **Plaintiff,**

v.                                  **Case No: 6:24-cv-2328-PGB-LHP**

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff Mary Swearingen's ("**Plaintiff**") Motion for Entry of Final Judgment. (Doc. 56 (the "**Motion**")). Defendant Progressive Express Insurance Company ("**Defendant**") filed a response in opposition. (Doc. 60 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part.

## I.    BACKGROUND

This action concerns Plaintiff's claim, originally brought in Florida state court, that the Defendant insurance company is liable for Florida common law bad faith. (Doc. 1-8 (the "**Amended Complaint**")). More specifically, Plaintiff avers that Progressive issued an insurance policy to DM-ELX Corporation ("**DM-ELX**"). (*Id.* ¶ 7). The policy provided bodily injury limits of $1,000,000 per person. (*Id.*). During the policy period, an individual operating DM-ELX's tractor trailer negligently collided with Plaintiff's motor vehicle, causing Plaintiff to sustain

permanent injuries. (*Id.* ¶¶ 9, 11). Defendant declined Plaintiff's offer to settle its claim against DM-ELX for the limits of DM-ELX's policy with Defendant. (*Id.* ¶¶ 12–14). In due course, Plaintiff sued DM-ELX (the "**Underlying Suit**"), and the case was tried to a jury, resulting in a verdict in Plaintiff's favor. (*Id.* ¶¶ 16–17). On November 12, 2021, a Final Judgment was entered against DM-ELX for $720,799.89 (the "**State Court Final Judgment**"). (*Id.* ¶ 18). Subsequently, on February 2, 2023, a Final Judgment for Fees and Costs (the "**Fees and Costs Judgment**")[1] was entered against DM-ELX for $88,738.94. (*Id.* ¶ 19).

Through this action, Plaintiff sued Defendant as a judgment creditor to DM-ELX, bringing a one count Complaint for bad faith under Florida common law. (*See id.* ¶¶ 22–31). Of relevance, in the final "WHEREFORE" clause of the operative Amended Complaint, Plaintiff demands judgment against Defendant for (1) the unsatisfied amounts of the State Court Judgments, (2) "pre- and post-judgment interest" thereupon, and (3) "*attorney's fees and costs related to this action*[.]" (*Id.* at p. 5 (emphasis added)). The case was removed to the instant Court on December 23, 2024. (Doc. 1). Ultimately, Defendant filed a Notice of Confession of Judgment. (Doc. 54 (the "**Confession**")). Therein, Defendant stated that it "has paid all legally recoverable damages alleged in Plaintiff's Amended Complaint" and "therefore, this action is moot." (*Id.* at p. 1 (emphasis added)).

---

[1]  Collectively, the State Court Final Judgment and the Fees and Costs Judgment will be referred to as the "State Court Judgments." (Doc. 1-8, ¶¶ 18–19).

Now, in the Motion, while Plaintiff concedes that Defendant has paid her the amounts of the State Court Judgments, Plaintiff notes that Defendant has not paid Plaintiff for her attorney's fees and costs related to the instant action, which Plaintiff sought through the Amended Complaint. (Doc. 56, p. 2). Plaintiff thus argues that the case is not moot as asserted by Defendant in the Confession and that "further action is required" in the case. (*Id.* at p. 3). In the alternative, Plaintiff asks the Court to enter final judgment as to the amount confessed, to confirm therein Plaintiff's entitlement to attorney's fees and costs in the instant action, and to reserve jurisdiction to determine the proper amounts thereof. (*Id.*).

## II.   DISCUSSION

"A confession of judgment is substantially an acknowledgment that the debt is justly due." *Allstate Fire & Cas. Ins. Co. v. Castro*, 351 So. 3d 127, 131 (Fla. 1st DCA 2022)[2] (quoting *Bank of Chatham v. Arendall*, 16 S.E.2d 352, 355 (Va. 1941) (alteration adopted)). Such a confession operates as a "substitute for the verdict." *Id.* (quoting *Whitley v. S. Wholesale Corp.*, 164 S.E. 903, 903 (Ga. Ct. App. 1932)). Further, Florida law deems the payment of an insurance claim before a judgment is rendered to be "the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Id.* (quoting *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983)). However, "a confession becomes a judgment only upon

---

[2]   "A federal court exercising diversity jurisdiction applies the substantive law of the forum state. *Pearson v. Scottsdale Ins. Co.*, 681 F. Supp. 3d 1271, 1276 (M.D. Fla. 2023) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991)).

entry of judgment by the court." *Pearson*, 681 F. Supp. 3d at 1277 (citing *Castro*, 351 So. 3d at 131).

Beginning with Plaintiff's alternative argument, the Court cannot find that Defendant has confessed to Plaintiff's entitlement to attorney's fees or costs incurred in this action. (*See* Doc. 56, p. 3). Defendant's Confession does not admit to all damages alleged in the Amended Complaint but instead states that Defendant has paid all of what it deems to be "legally recoverable damages" alleged therein. (Doc. 54, p. 1). This language in the Confession, when paired with the fact that Defendant has not compensated Plaintiff for such fees or costs, reinforces Defendant's position that it has not confessed that they are "justly due." *Castro*, 351 So. 3d at 131; (*see, e.g.*, Doc. 60, p. 6). Moreover, as Defendant notes in its Response, under Florida law, "[i]t is generally held that attorney's fees are not damages, but are ancillary to damages, and are not part of a substantive claim." *Scottsdale Ins. Co. v. Haynes*, 793 So. 2d 1006, 1009 (Fla. 5th DCA 2001) (citing *Cheek v. McGowan Elec. Supply*, 511 So. 2d 977 (Fla. 1987)); (Doc. 60, pp. 6–7 (collecting sources in support of this principle)). For these reasons, the Court declines to enter a judgment that confirms Plaintiff's entitlement to attorney's fees and costs incurred in the instant action based upon the Confession.

What remains, then, is Plaintiff's primary argument that the case is not mooted by the Confession as the matter of attorney's fees remains unresolved, and thus some "further action is required" in the case. (Doc. 56, p. 2). As a practical matter, it is not entirely clear what relief Plaintiff seeks through this argument.

Plaintiff does not state, for example, the shape the requested "further action" should take. (*See generally* Doc. 56). However, the primary and most relevant source that Plaintiff cites in support of this argument is the opinion of the First District Court of Appeals in *Castro*. (*Id.* at p. 2 (citing *Castro*, 793 So. 2d at 134)). In *Castro*, following a motor vehicle accident, an insured sued her insurer seeking the policy limits of her uninsured motorist ("**UM**") coverage. *Id.* at 129. During the litigation, the insurer tendered the policy limits to the insured, who then moved the trial court for the entry of a confessed judgment and also sought an award of attorney's fees.[3] *Id.* at 129–30. The insurance company opposed these motions and argued it had not confessed to the judgment and had merely settled the claim. *Id.* at 130. The insurance company thus filed a motion to dismiss the case with prejudice arguing the action was moot. *Id.* The trial court sided with the insured, denied the motion to dismiss, "granted the motion for the entry of confessed judgment," and then "reserved jurisdiction to determine [the insured's] entitlement to, and amount of, her attorney's fees . . . ." *Id.* On appeal, the *Castro* court affirmed the trial court's orders, explaining that "[a]lthough [the insurance company's] payment of the policy limits eliminated any further dispute over the UM policy, [the insured's] claim for attorney's fees meant that the case was not moot." *Id.* at 134.

---

[3]   During the pendency of the case, the insured had served an offer of judgment pursuant to Florida Statute § 768.79, which was the basis for the request for such fees. *Castro*, 351 So. 3d at 129–30.

The Court notes that, while Defendant references in its Confession its position that this action has been "moot[ed]" thereby, there is no pending motion to dismiss that has been filed on this, or on any other, basis. (Doc. 54, p. 1). Inasmuch as Plaintiff raises her argument regarding mootness to prevent any possible forthcoming dismissal on this basis, the Court agrees that the action is not moot due to the pending claim for attorney's fees and that a dismissal at this juncture would be improper.[4] *See Castro*, 793 So. 2d at 134.

Yet, this does not appear to be the ruling Plaintiff seeks, as Defendant expressly concedes that a final judgment should be entered in Plaintiff's favor and only asks that the Court "retain jurisdiction to address any claims for attorney's fees and costs." (Doc. 60-2). Thus, to the extent Plaintiff seeks to avoid the entry of such a final judgment because it does not affirmatively conclude Plaintiff's entitlement to such fees and costs, the Court is unpersuaded. Indeed, this is precisely the course that was taken by the trial court in *Castro* that was affirmed on appeal. 351 So. 3d at 129–31 (affirming the trial court's decisions to "*grant[] the motion for the entry of confessed judgment*" and to "*reserve[] jurisdiction to determine . . . entitlement to, and amount of . . . attorney's fees . . . .*" in light of the defendant's confession of judgment (emphasis added)). Thus, as a result of the

---

[4]   Similarly, while Plaintiff cites *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992), for the proposition that "an otherwise moot case will not be dismissed if there are collateral legal consequences affecting the rights of the parties," the Court does not intend to dismiss Plaintiff's claims. (Doc. 56, p. 2). Further, because the Court will retain jurisdiction to consider any motions seeking entitlement to attorney's fees or costs and the amounts thereof, this Order poses no "collateral legal consequences affecting the rights of the parties." *Godwin*, 593 So. 2d at 212.

Confession, this Court will likewise enter judgment for Plaintiff but will reserve jurisdiction as to any motions regarding attorney's fees and costs. *See id.*

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Motion for Entry of Final Judgment (Doc. 56) is **GRANTED IN PART** and **DENIED IN PART**.

2.   The Clerk of Court is **DIRECTED** to enter a Final Judgment in favor of Plaintiff and against Defendant, for the sum of the amount of the judgment in the Underlying Suit—styled *Mary L. Swearingen v. Ilvin Rodriguez, et al.*, No. 2017-CA-008355 in the Ninth Judicial Circuit in and for Orange County, Florida—the attorney's fees in the underlying case, plus interest, all of which have been voluntarily paid by Defendant. (*See* Doc. 54).

3.   Further, the Court reserves jurisdiction to address any claims for attorney's fees and costs.

4.   Plaintiff's Motion for Entry of Final Judgment (Doc. 56) is **DENIED** in all other respects.

5.   The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on May 13, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

8